# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| :MEHRAN: ABARZARY & SOHEILA: FERDOWSKI; DAVID-WYNN: MILLER,<br><br>Plaintiffs,<br>vs.<br><br>ONE WEST BANK, FSB,<br><br>Defendant. | CASE NO. 12-CV-562 JLS (POR)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT**<br><br>(ECF No. 1) |

On March 6, 2012, Plaintiffs ":Mehran: Abazary & Soheila: Ferdowski and David-Wynn: Miller," proceeding *pro se*, filed the Complaint in this action against Defendant One West Bank, FSB. (Compl., ECF No. 1.) For the reasons stated below, the Court *sua sponte* dismisses Plaintiffs' Complaint for failure to comply with the requirements of Rule 8, and grants Plaintiffs leave to amend.

Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

1  (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
2  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
3  cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265,
4  286 (1986)). Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording
5  *pro se* plaintiffs any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);
6  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, even when receiving liberal
7  construction, *pro se* litigants must still comply with the Federal Rules of Civil Procedure,
8  including Rule 8. *See King v. Atiyeh*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The Court finds the Complaint does not sufficiently show how Plaintiffs are entitled to relief. As an illustration of the type of nonsensical and undecipherable text contained in the Complaint, the caption reads as follows:

> IN THE **DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT** IN THE **CALIFORNIA-TERRITORY** WITHIN THIS **UNITED-STATES-DI-STRICT-COURT-BUILDING** ARE WITH THE **TRANSFER** FROM THE **STATE-COURT** TO THIS **DOCUMENT-CONTRACT-POSTAL-VESSEL-FEDERAL-COURT.** FOR THIS **THREE-DAY-GRACE-TIME-RECISSION-CLAIM IS** WITH THIS DAMAGE-CLAIM BY THE **QUO-WARRANTO-COMPLAINT-DOCUMENT-CLAIM** and: **LIS-PENDENS-LIEN-CLAIM:**

(Compl. 1) (emphasis in original). The Complaint goes on in this same manner for eleven erattically-formatted pages. The civil cover sheet attached to the Complaint lists 42 U.S.C. § 1986[1] and 15 U.S.C. § 1692[2] as federal statutes under which Plaintiffs are filing, also stating "QUO-WARRANTO COMPLAINT FRADULANT (sic) SYNTAX GRAMER (sic)" as the "Nature of Suit." (Civil Cover Sheet, ECF No. 1-1.) However, it is impossible to decipher any such causes of action, or any other cognizable legal theories, from the text of Plaintiffs' Complaint itself. The attached Deed of Trust is similarly unhelpful in ascertaining Plaintiffs' claims or bases for this action. (Deed of Trust, ECF No. 1 at 12.) The Deed lists Mehran Abazary and Soheila Fedowski, husband and wife as joint tenants, as "Borrower," and IndyMac Bank, F.S.B., as "Lender." (*Id.*) Beyond these reference to several of the parties to this case, it is unclear how the

---

[1] 42 U.S.C. § 1986 provides a cause of action for neglecting to prevent interference with civil rights.

[2] 15 U.S.C. § 1692 contains Congressional findings and declaration of purpose with regard to the Fair Debt Collection Practices Act.

1 Deed of Trust relates to the Complaint. The Deed also contains substantial handwritten text, and
2 handwritten numbers appear above each typed word, apparently as part of some kind of code.
3 Stamped at the bottom of each page is what appears to be the key to that code: ":Syntax-word-key-
4 meaning: 1=Adverb, 2=Verb, 3= Adjective, 4=Pronoun; 8=Past-time, 9=Future-time,
5 9=Conjunction, NC=No-Contract." Again, the meaning or relevance of this code is not explained.

6       This is not the first such Complaint filed by Plaintiff Miller.[3] In nearly identical
7 circumstances, judges in this district have dismissed Plaintiff's incomprehensible and
8 unintelligible complaints for failure to assert "a short and plain statement of the claim showing that
9 the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2). *See, e.g.*, *Miller v. Michael Burnett*
10 *& Matthews, LLP*, No. 11cv2590 WQH (WVG), 2012 WL 909462 at *2 (S.D. Cal. Order Mar. 15,
11 2012) ("Dismissal is appropriate because the indecipherable allegations of the Complaint lack any
12 cognizable legal theory or sufficient facts to support a cognizable legal theory."); *Abraham-D.*
13 *Tomas v. AEGIS Mortgage Co.*, No. 10cv2286 BEN (BLM) (S.D. Cal. Orders Nov. 18, 2010 and
14 Jan. 28, 2011) (*sua sponte* dismissing case without prejudice). Here, the Court similarly finds
15 dismissal proper, where the Court cannot discern from the Complaint any facts or allegations
16 sufficient to support a cognizable legal theory upon which relief could be granted. Instead, the
17 Complaint is "filled with nonsensical, erratically-formatted lines of text that fail to allege any
18 facts, let alone a coherent legal claim." *Abraham-D. Tomas*, No. 10cv2286 BEN (BLM) (S.D.
19 Cal. Order Jan. 27, 2011).

20       Dismissal of this Complaint, especially without prejudice, is warranted under a variety of
21 rules of civil procedure. *See Amsterdam v. Office of Hawaiian Affairs*, 2011 U.S. Dist. LEXIS
22 91639 at *8-9 (D. Haw., Aug. 16, 2011) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th
23 Cir. 1984)) (explaining that a paid complaint that is "obviously frivolous" may be dismissed *sua*
24 *sponte* for numerous grounds, including Rule 12(b)(6), Rule 12(b)(1), and Rule 8 itself); *Nasious*
25 *v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (stating that dismissing a

---

27     [3] Indeed, another unintelligible Complaint was recently filed by Plaintiff Miller, and, simultaneously with this Order, the Court issues a similar Order *sua sponte* dismissing that Complaint
28 on the same grounds. *See Mehran Abazary of the [Mehran: Afazary] v. Andersen, Hilbert & Parker*, No. 12cv720 JLS (BLM) (S.D. Cal. filed March 26, 2012).

1  case under Rule 41(b) for failure to comply with Rule 8 allows the plaintiff "another go at
2  trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such
3  an order without attention to any particular proceedings."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th
4  Cir. 1999) (noting that district courts may *sua sponte* dismiss completely implausible paid
5  complaints under Rule 12(b)(6) for failure to state a claim so long as the dismissal is without
6  prejudice or the plaintiff is given notice and an opportunity to respond, or under Rule 12(b)(1) for
7  lack of subject matter jurisdiction, with or without prejudice).

8  Accordingly, this action is **DISMISSED** without prejudice.  Through this Order of
9  dismissal, Plaintiffs have notice of the Complaint's deficiencies and an opportunity to respond by
10  filing an Amended Complaint.[4]  If Plaintiffs wish, they may file an Amended Complaint that
11  adheres to the pleading requirements of Rule 8 <u>within 30 days</u> of the filing date of this Order.  Any
12  such Amended Complaint must set forth a clear statement of Plaintiffs' claims in order to give
13  Defendant a fair opportunity to respond and to allow the Court to perform its responsibilities in
14  managing this action.

15  **IT IS SO ORDERED**.

17  DATED:  March 28, 2012

18  *Janis L. Sammartino*
    Honorable Janis L. Sammartino
19  United States District Judge

---

26  [4] Plaintiff Miller may also wish to remind himself of the instructions contained in Judge Benitez' Order in an above-mentioned case also filed by Miller, *Abraham-D. Tomas*, No. 10cv2286
27  BEN (BLM) (S.D. Cal. Order Jan. 27, 2011), which sets forth in detail Rule 8's pleading requirements and thoroughly explains how the unintelligible amended pleadings in that case, which are quite similar
28  in substance and form to the instant Complaint, still failed to comply with these requirements.